CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC 13 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDREW PATRICK WINDSOR, #16939-083, Plaintiff, | Civil Action No. 7:05cv00620 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, et al., Defendants. | By: Jackson L. Kiser Senior U.S. District Judge |

Plaintiff Andrew Patrick Windsor, # 16939-083, a Virginia inmate proceeding pro se, brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)) and under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § § 2671-2680. Windsor asserts a federal cause of action against the United States of America ("United States") and various prison employees arising out of an alleged assault on October 12, 2004, for the negligent and deliberate indifference of defendants as to his medical needs related to the assault, and for damages related to the loss or purposeful destruction of his personal property following his removal from his cell on October 12, 2004.

After reviewing the complaint, I find that all Windsor's claims arising under Bivens must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, I find that Windsor has alleged sufficient facts under the FTCA to allow those claims to go forward. Accordingly, the only claims which remain in this cause of action are Windsor's claims arising under the FTCA against the United States.

**I.**

Windsor alleges that on or about September 10, 2004 he broke his hand. However, in the instant complaint Windsor does not raise any allegations as to the incident resulting in the allegedly

broken appendage. Rather, his claims arise solely from incidents allegedly occurring on October 12, 2004. Specifically, Windsor claims that on that date, he was attempting to show unnamed officers his injured hand by waving his food tray. Although somewhat unclear, Windsor acknowledges that he was gripping the food tray with his injured hand and moving the tray about so as to fully display the allegedly swollen area. In any event, during the "show," Officer Mabe grabbed Windsor by his injured hand and pushed him against the wall of his cell, restrained him, and removed him from his cell.

Windsor does not allege that he suffered any new injury to his allegedly broken hand as a result of the October 12, 2004 incident, rather he claims only that he was embarrassed at being roughly handled and removed from his cell. Yet, he states that medical personnel refused to cast or bandage his hand following the incident and refused to send him to an outside facility for further treatment. However, he does admit he was examined by medical personnel and provided with a pain reliever.

Additionally, Windsor alleges that when he was removed from his cell on October 12, 2004, his legal papers and personal property were removed and have yet to be returned. Although Windsor has failed to provide any evidence of the actual property removed from the cell or its purchase price, Windsor claims $ 5,035,083.00 for the total value of these items.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a claim of constitutional magnitude, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of

state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A. Assault on October 12, 2004

Windsor alleges that he was subjected to excessive force, in violation of his Eighth Amendment rights, when on October 12, 2004, Officer Mabe allegedly grabbed his injured hand and forced him up against the wall. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind) and an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). The Supreme Court and the Fourth Circuit have set out the following factors to consider in determining whether a prison official acted maliciously and sadistically: "the need for application of force, the relationship between that need and the amount of force used, the threat

reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (1992) (quotations omitted); Williams, 77 F.3d at 762.

Also, the inmate must prove the corrections official's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley v. Hejirika, 134 F.2d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

Windsor admits that he was not injured when Mabe grabbed his hand nor when he was placed against the wall.[1] He claims only that he was embarrassed by Mabe's actions. Further,

---

[1] In this court's conditional filing order, plaintiff was advised that he failed to state a claim of constitutional magnitude and was directed to provide specific detail regarding the alleged assault and resultant injury. Specifically, the court inquired as to any injury he suffered as a result of the alleged assault, medical treatment he received following the alleged assault, and any complaints of continuing injury as a result of the alleged assault. However, plaintiff failed to provide any intelligible response to

4

Windsor has failed to allege any facts which establish those extraordinary circumstances on which a plaintiff can prevail on an excessive force claim when he suffers only de minimis injury. Taylor, 155 F.3d at 483. "[N]ot...every malevolent touch by a prison guard gives rise to a federal cause of action." Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). And merely a lack of due care for the prisoner's interests and safety fails to show the use of force which is "repugnant to the conscience of mankind." See Whitley v. Albers, 475 U.S. 312, 319 (1986)(finding that the infliction of pain in the course of a prison security measure, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense).

Windsor admits that immediately prior to Officer Mabe grabbing his hand, Windsor was waving his food tray at other officers in an attempt to show them his injured hand, which notably was holding the food tray. As waving a food tray and causing a disruption could reasonably be perceived as a security threat, I find that it was reasonable for Officer Mabe to grab Windsor's hand and restrain him. Furthermore, as some degree of force can be reasonably applied in attempting to restrain an inmate, I find that Windsor's claim that he was "slammed" against the wall after being grabbed, does not present the highly unusual circumstances which result "in an impermissible infliction of pain" or was "of a sort repugnant to the conscience of mankind." Id; see Norman, 25 F.3d at 1263, n. 4. Therefore, I find that Windsor has failed to raise any claim of constitutional magnitude regarding the alleged October 12, 2004 assault and, pursuant to 28 U.S.C. §1915A(b)(1), I must dismiss this claim.

---

the court's inquiry and instead referred the court to his previously submitted documents.

#### B. Lost Property

Windsor alleges that following his removal from his cell on October 12, 2004, his personal property and legal papers were removed and have not yet been returned and that various federal officials have failed to adequately investigate the matter and return the property or reimburse him for the cost of the lost property. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Given that the conduct is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation remedy, such as a prison grievance procedure or a federal cause of action, suffices. Id. As evinced by Windsor's claims arising under the Federal Tort Claims Act, detailed within, it is apparent that Windsor is well aware of both institutional and federal remedies as a means to seek compensation for his alleged loss. Accordingly, I find that Windsor has failed to state a cognizable constitutional claim. See Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Therefore, this claim must be dismissed pursuant to 28 U.S.C. §1915A(b)(1).

#### C. Denial of Adequate Medical Care

Windsor further alleges that he was denied adequate medical treatment following the alleged October 12, 2004 assault. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference

6

to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-06.

Although Windsor claims that his hand was broken on or about September 10, 2004, he does not allege that he was denied medical treatment related to the original injury. Rather he claims that defendant Roff failed to provide him with a cast or gauze and refused to transfer him to an outside facility for treatment following the October 12, 2004 incident. However, Windsor does not allege that he was actually injured during the October 12, 2004 incident.[2] Further, Windsor acknowledges

---

[2] As noted previously, in the conditional filing order, plaintiff was advised that he failed to state a claim of constitutional magnitude and was directed to provide specific detail regarding the alleged denial of adequate medical care. Specifically, the court inquired as to any injury he suffered as a result of the alleged assault, medical treatment he received following the alleged assault, medical treatment he requested which was denied following the alleged assault, and any complaints of continuing injury as a result of the alleged assault. However, plaintiff failed to provide any intelligible response to the court's inquiry and instead referred the court to his previously submitted documents.

7

Case 7:05-cv-00620-JLK-mfu Document 10 Filed 12/13/05 Page 7 of 9 Pageid#: 115

that following the September 10, 2004 incident, medical staff examined his hand, determined it was not broken, and prescribed a pain killer. He has not provided any evidence which supports his claims that his hand was broken nor that he had any injury which necessitated further treatment. Accordingly, I find that Windsor's complaints amount to nothing more than a disagreement between an inmate an medical staff regarding treatment, which does not present an issue of constitutional magnitude. See Russell, 528 F.2d at 318. Therefore, this claim must also be dismissed pursuant to 28 U.S.C. §1915A(b)(1).

### III.

Additionally, Windsor seeks redress against the defendants pursuant to the FTCA for the alleged assault on October 12, 2004, for the loss of his personal property following his removal from his cell on October 12, 2004, and for failing to provide him with adequate medical treatment for injuries stemming from the alleged assault on October 12, 2004. Under the FTCA, the United States is liable, as a private person for "injury or loss of property, or personal injury, or death cause by the negligent or wrongful act or ommission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b); 28 U.S.C. § 2672. Accordingly, all complaints brought under the FTCA must be brought against the United States. See 28 U.S.C. § 2679(b)(1). Thus, any individually named employees of the United States are not properly named defendants in an FTCA action. Therefore, I find that all claims brought under the FTCA against any individually named defendant, must be dismissed. However, the court finds that Windsor has alleged sufficient fact to allow his claims against the United States regarding the intentional or negligent torts related to the October 12, 2004 incident to go forward.

8

## IV.

Based on the foregoing, I find that Windsor has not presented any claims of constitutional magnitude on which relief can be granted. Accordingly, all of Windsor's claims of constitutional violations are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Further, I find that the only properly named defendant in a cause of action brought under the FTCA is the United States. Accordingly, all other defendants will be stricken from this action and the only claims which will proceed are those claims raised under the FTCA against the United States.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This _13th_ day of December, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge

9