CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 17 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDREW PATRICK WINDSOR, #16939-083, Plaintiff, | Civil Action No. 7:05cv00620 |
| v. | **MEMORANDUM OPINION & ORDER** |
| UNITED STATES OF AMERICA, et al., Defendants. | By: Jackson L. Kiser Senior U.S. District Judge |

This matter is before the court on defendants' motion to revoke plaintiff's privilege to proceed in forma pauperis. Defendants' argue that plaintiff has had at least three previous civil suits dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted and, accordingly, under 28 U.S.C. § 1915(g), is not entitled to bring the instant action without prepaying the $ 250.00 filing fee.[1]

Having reviewed the record, the court finds that prior to filing the instant action, plaintiff had at least three civil actions dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted.[2] Accordingly, because plaintiff has at least three "strikes" within the meaning of § 1915(g), he cannot file this or any other civil action without prepayment of the $250.00 fee required for filing civil actions[3] unless he demonstrates that he is "under imminent

---

[1] Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[2] See Windsor v. B.G. Compton, Warden, USP Lee Co., et al., Civil Action No. 7:04cv00065 (W.D. Va., Feb. 9, 2004); Windsor v. Polver, et al., Civil Action No. 7:04cv00413 (W.D. Va, July 28, 2004); and Windsor v. District of Columbia, et al., Civil Action No: 98-2721 (E.D. Va, Dec. 6, 2001).

[3] This fee is set by statute. See 28 U.S.C. § 1914(a).

danger of serious physical injury." § 1915(g). Windsor seeks redress against the defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, for an assault allegedly occurring on October 12, 2004, for the loss of his personal property following his removal from his cell on October 12, 2004, and for failing to provide him with adequate medical treatment for injuries stemming from the alleged assault on October 12, 2004.[4] However, having reviewed the complaint, the court finds that Windsor fails to state any claims from which it could be concluded that he is presently at imminent risk of serious physical harm related to an ongoing violation of his constitutional rights.

Therefore, the court finds that as plaintiff has three "strikes" within the meaning of § 1915(g) and has failed to demonstrate that he is in any imminent danger of serious physical harm, he is not entitled to proceed without prepayment of the $ 250.00 filing fee. Accordingly, plaintiff's privilege to proceed in forma pauperis and to proceed in this action without prepayment of the $ 250.00 filing fee is hereby **REVOKED**. Plaintiff is hereby granted ten business (10) days from the date of entry of this order to pay the $ 250.00 filing fee due in this matter. Plaintiff is hereby advised that failure to pay the entire filing fee within ten business days of the entry of this order will result in the dismissal of this action pursuant to 28 U.S.C. §1915(g).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and Order to plaintiff and counsel of record for the defendants.

**ENTER:** This 17th day of February, 2006.

_/s/ Jackson L. Kiser_
Senior United States District Judge

---

[4] Although plaintiff claims that defendants denied him medical treatment for injuries incurred during the assault, he does not allege he is suffering from any ongoing medical condition or injuries necessitating treatment.